IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWARD ANDERSON,

                 OPINION and ORDER

       Plaintiff,

                 09-cv-132-slc[1]

  v.

RICHARD RAEMISCH, JOHN
BETT, BRADLEY HOMPE, and
KENNETH MILBECK,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Edward Anderson filed this civil action for declaratory and injunctive relief in the Circuit Court for Dane County, alleging that defendants' Transition Phase policy violated certain rulemaking requirements set out in Wis. Stat. § 227.10, violated several provisions set out in Wis. Admin. Code chs. DOC 303 and 309 and violated his rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. Defendants removed the case, identifying the court's original jurisdiction over

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this order only, I am assuming jurisdiction over this case.

1

the federal claims under 28 U.S.C. §§ 1331 and 1343.

Plaintiff has now moved for remand, pointing out that his complaint is fashioned as a state law declaratory judgment action involving primarily state statutory law and administrative regulations. However, plaintiff is also asserting claims for violations of his federal constitutional rights. Under 28 U.S.C. §§ 1441, a defendant may remove a state court action to federal court whenever the action raises one or more claims arising under federal statutory or constitutional law. Plaintiff points out that issues of state law "clearly predominate" the complaint. Under 28 U.S.C. § 1441(c), a district court has discretion to "remand all matters in which State law predominates" in a case removed pursuant to 28 U.S.C. § 1331 (such as this case).

After considering the nature of plaintiff's state law claims, I am persuaded that they should be remanded to state court. I am not aware of any law stating that a violation of Wis. Admin Code chs. DOC 303 and DOC 309 or Wis. Stat. 227.10 may be enforced through a civil action, which means plaintiff's only possible mechanism for seeking relief is in state court by writ of certiorari. Kranzush v. Badger State Mutual Insurance Co., 103 Wis. 2d 56, 74-79, 307 N.W.2d 256, 266-68 (1981) (right of action to enforce statute or regulation does not exist unless directed or implied by legislature); Outagamie County v. Smith, 38 Wis. 2d 24, 34, 155 N.W.2d 639, 645 (1968) (with respect to laws that are not made enforceable by statute expressly, action is reviewable only by writ of certiorari).

2

Outside civil actions, there is no parallel mechanism in federal district courts by which a plaintiff could review a state agency's actions to determine whether they conform with state law. This makes perfect sense because, as a general matter, federal courts have no business monitoring state agency actions under state law. State courts have exclusive jurisdiction to hear writs of certiorari under the inherent power of the state judiciary to "determine whether another agency of the government has properly performed its legislatively delegated function." Outagamie County, 38 Wis. 2d at 34. Plaintiff's motion to remand will be granted as to his state law claims; those claims will be remanded to the Circuit Court for Dane County, pursuant to § 1441(c).

However, there is no basis to remand his federal claims. Plaintiff contends that his federal claims are not properly before this court, explaining that they "may or may not arise once a Wisconsin State Court has determined" the state law questions and that until a state court makes a decision on those matters, "there are no constitutional issues that warrant the attention of the Federal Court." Plt.'s Mot. Remand, dkt. #8, at 2. Although plaintiff suggests that the primary thrust of his complaint involves state law and that his federal law claims are "not a matter" for this court, I do not understand plaintiff to be asking the court for voluntary dismissal of his federal claims under Fed. R. Civ. P. 41(a)(2). It does not make sense to read plaintiff's motion for remand to include such a request in light of his suggestions that the federal law claims may later be an issue. Instead, plaintiff is arguing that

3

the federal law claims cannot be decided yet because the state law claims must be decided first. Not so. In his complaint, plaintiff challenges the policy as violating state statutory and administrative law and federal constitutional laws. A state court would not be required to avoid deciding questions about the constitutionality of the challenged policy before addressing the policy's conformance with state law. Plaintiff's federal claims may not be remanded; therefore, I will deny plaintiff's motion for remand as to those claims.

That means plaintiff's claims that defendants' policy violates his First, Fourth, Fifth, Sixth and Fourteenth amendments of the United States Constitution will remain in this court as claims for declaratory and injunctive relief brought pursuant to 42 U.S.C. § 1983. Because plaintiff is a prisoner, the 1996 Prison Litigation Reform Act requires the court to screen these claims and dismiss any that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a respondent who by law cannot be sued for money damages. 28 U.S.C. § 1915A. However, plaintiff is also a pro se litigant, which means his complaint should be construed liberally as it is reviewed for these defects. Haines v. Kerner, 404 U.S. 519, 521 (1972).

Plaintiff's claims that defendant's policy violates the Fourth, Fifth, Sixth and Fourteenth amendments will be dismissed for failure to state a claim. However, plaintiff's claim that defendants are violating his right to exercise his religion will not be dismissed at this point. Instead, plaintiff will be given an opportunity to provide more details regarding

4

defendants' alleged interference with his religious exercise.

From plaintiff's complaint I draw the following allegations of fact.

ALLEGATIONS OF FACT

Plaintiff Edward Anderson is a prisoner at the Stanley Correctional Institution. Defendant Richard Raemisch is Secretary and defendant John Bett is Administrator of the Wisconsin Department of Corrections. Defendant Bradley Hompe is the warden and defendant Kenneth Milbeck is a corrections supervisor at the Stanley Correctional Institution.

Defendants have implemented a policy that requires all inmates who have been found guilty of major conduct reports and given either program segregation or disciplinary segregation to be placed on "Transition Phase" once they are released from segregation. The privileges of Transition Phase inmates are restricted in several ways. They are let out of their rooms only two hours a day; permitted only one religious service a week; not allowed religious study groups or activities that include media center materials such as videos, cassette tapes, DVDs and books; permitted only two hours of indoor recreation a week and no outdoor recreation; provided only three hours a week to use the law library; provided fewer than three hours a day to communicate with inmates not in Transition Phase; and required to wear a distinct lanyard and tag to identify their Transition Phase status.

Transition Phase inmates are required to complete at least six work assignments before being considered for release from Transition Phase. Inmates are required to serve three additional days on Transition Phase for each warning they receive while on that status.

On September 19, 2008, plaintiff was released from disciplinary separation segregation and transferred to housing unit one, where he was placed on Transition Phase. He was not given written notice and did not receive a formal hearing before he was placed on Transition Phase. Plaintiff adheres to the Jewish faith. There are no services for those inmates who adhere to the Jewish faith, only Jewish study groups and activities. Plaintiff was told he would be required to complete nine work assignments to be released from the Transition Phase, and that if he declined to cooperate, he would remain on Transition Phase indefinitely. Plaintiff refused to cooperate and continues to refuse to cooperate.

On October 27, 2008, plaintiff asked defendant Milbeck for extra law computer time because he had three legal actions pending in court and needed more than the three hours of computer time that he was permitted. Defendant Milbeck never responded to plaintiff's request and plaintiff did not receive any extra time. On November 8, 2008, plaintiff went to therapeutic recreation and was placed in segregation on temporary lock-up for being in an unassigned area while on Transition Phase. He received 25 days of room confinement and 80 hours' extra duty for being in an unassigned area while on Transition Phase

Plaintiff filed grievances regarding his placement on Transition Phase, his denial of

6

religious exercise and his denial of access to the courts. His grievances were dismissed.

OPINION

Plaintiff contends that defendant's Transition Phase policy violates his rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments. Most of plaintiff's claims must be dismissed. First, nothing alleged in the complaint gives rise to a violation of the Fourth Amendment; as the Supreme Court has held, "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell," Hudson v. Palmer, 468 U.S. 517, 526 (1984), and plaintiff identifies no other basis for asserting this claim. Likewise, plaintiff's Fifth Amendment claim that defendants' Transition Phase policy exposes him to "double jeopardy" has no merit. Although the double jeopardy clause prohibits "subjecting a defendant to multiple punishments for the same crime," Garrity v. Fiedler, 41 F.3d 1150, 1152 (7th Cir. 1994) (citation omitted), a prison's disciplinary actions are rarely considered "punishment," United States v. Newby, 11 F.3d 1143, 1146 (3d Cir. 1993). Moreover, to the extent such actions could be considered "punishment," the fact that prison officials have chosen to provide more than one type of discipline for a prisoner's misconduct does not make the different types of discipline "double" punishment. To say otherwise would interfere with prison officials' ability to make decisions "regarding questions of prison administration and discipline." Garrity, 41 F.3d at 1153; see also Meeks

v. McBride, 81 F.3d 717, 722 (7th Cir. 1996) (citing "the overriding interest of prison administrators to act swiftly," court holds that subsequent disciplinary hearing after acquittal does not violate double jeopardy clause).

Plaintiff's Sixth Amendment claim is that defendants' policy limiting Transition Phase users to three hours of law library time and defendant Milbeck's denial of his request to have additional computer time denied him access to the courts. However, the constitutional right of access to the courts is actionable only if "the plaintiff has suffered an injury over and above the denial." Walters v. Edgar, 163 F.3d 430, 433-34 (7th Cir. 1998) (citing Lewis v. Casey, 518 U.S. 343 (1996)). A plaintiff is injured by denial of access where such denial frustrates a "separate and distinct right to seek *judicial relief* for some wrong." Christopher v. Harbury, 536 U.S. 403, 415 (2002) (emphasis added). At a minimum, a prisoner alleging a denial of access to the courts must describe an underlying *cause of action* and how it has been lost or impeded. Id. at 415-16. There is no suggestion in plaintiff's complaint that his restricted access to the law library and computer ever blocked or impeded his underlying actions. Therefore, this claim must be dismissed as well.

Next, plaintiff's Fourteenth Amendment claim is that defendants violated his due process rights by placing him in Transition Phase without giving him notice or a hearing. In all likelihood, plaintiff did receive "process" that would satisfy the due process standard if it were required: plaintiff alleges that he was placed in Transition Phase after having been

8

found guilty of a major conduct report and placed in segregation. He does not suggest that he did not receive process *before* his conduct report, only that he did not receive any *more* process before he was given what he believed to be the extra discipline of being placed in Transition Phase.

However, it does not matter whether the process plaintiff received for the underlying conduct report could have been enough to be considered "due process" because plaintiff was not entitled to *any* process before he was placed in Transition Phase. Unless a prisoner's change in freedom "exceed[s] the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force" or otherwise "impose[s] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Sandin v. Conner, 515 U.S. 472, 483-484 (1995), "the state is free to use any procedures it chooses, or no procedures at all." Montgomery v. Anderson, 262 F.3d 641, 644 (7th Cir. 2001).

Plaintiff's due process claim must be dismissed because it does not meet the demanding Sandin standard. Plaintiff's allegations demonstrate that inmates on Transition Phase are permitted most of the privileges afforded to other prisoners, just in smaller portions. Such reduced privileges are hardly "atypical and significant." Under Sandin, due process is not implicated in the prison setting until there is a "substantial *incremental* deprivation" of liberty beyond those limitations considered ordinary incidents of prison life.

9

Wagner v. Hanks, 128 F.3d 1173, 1174 (7th Cir. 1997) (emphasis in original).

Although plaintiff's Fourth, Fifth, Sixth and Fourteenth Amendment claims must be dismissed for failure to state a claim upon which relief may be granted, his last claim may have merit.  Plaintiff alleges that there are no services available to inmates that adhere to the Jewish faith, only study groups and activities.  Both the First Amendment free exercise clause and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) protect inmates' rights to exercise their religion.  In order to succeed on his First Amendment or RLUIPA claims, plaintiff has the initial burden of showing that his religious exercise was substantially burdened by his inability to gain access to religious materials and services. Vision Church v. Village of Long Grove,  468 F.3d 975, 996-97 (7th Cir. 2006).  A substantial burden is "one that necessarily bears a direct, primary, and fundamental responsibility for rendering religious exercise . . . effectively impracticable."  Civil Liberties for Urban Believers v. City of Chicago, 342 F.3d 752, 761 (7th Cir. 2003).  Although at this early stage plaintiff is not required to prove his case, his complaint must include enough details to allow an inference to be drawn that defendants' policy substantially burdened his religious exercise. At this point, plaintiff's complaint does not include enough. In particular, plaintiff does not explain (1) exactly what religious materials and services he wanted but could not have in Transition Phase and (2) how these materials and services affected his ability to practice his religion.  Rather than dismiss plaintiff's religious exercise claims, I will

10

give plaintiff until April 10, 2009 in which to submit a supplement to his complaint to provide further details regarding how the Transition Phase policy has affected his opportunities to use religious materials, attend services and his ability to practice his religion.

ORDER

IT IS ORDERED that:

1. Plaintiff Edward Anderson's motion to remand the case, dkt. #8, is GRANTED as to plaintiff's claims that defendants violated Wis. Admin. Code chs. DOC 306 and DOC 308 and Wis. Stat. § 221.10; pursuant to 28 U.S.C. § 1441(c), those claims are REMANDED to the Circuit Court for Dane County.  Plaintiff's motion to remand the case is DENIED as to all other claims.

2. Plaintiff's claims that defendants violated his Fourth, Fifth, Sixth and Fourteenth amendment rights are DISMISSED pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

3. A decision is STAYED whether plaintiff may proceed with his claim that his First Amendment rights and rights under RLUIPA were violated when he was placed in Transition Phase and not allowed access to certain religious materials and services.  Plaintiff may have until April 10, 2009 in which to submit a supplement to his complaint in which he provides further details regarding how the Transition Phase policy has affected his access to religious

11

materials and services and his ability to practice his religion. If, by April 10, 2009, plaintiff fails to submit the required addendum, I will assume that he did not intend to raise this matter as a separate claim in his lawsuit or that he wishes to dismiss the claim voluntarily. In that event, I will enter an order dismissing these claims and closing the case.

Entered this 26th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge